3667-483

IN THE UNITED STATES DISTRICT COURT FOR
WESTERN DISTRICT OF PENNSYLVANIA

RAMONA L. MCIVER, ROBIN L. HURT,
SHANNON K. WATSON, JEAN A. SMITH,
HARVEY J. SMITH, JR., GERALD J. LEE, II,
QUINTIN E. JOHNS, KHAYCEE R. WILSON,
and, DARIUS A. BALTRHOP,

No.: 2:13-cv-00576

*The Honorable Cathy Bissoon*

　　　　Plaintiffs,

　v.

IMANI CHRISTIAN ACADEMY,

　　　　Defendants.

## REPLY BRIEF OF DEFENDANT IMANI CHRISTIAN ACADEMY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

　　　　AND NOW, comes Defendant, Imani Christian Academy, by and through its counsel, Litchfield Cavo LLP, Trisha A. Gill Esquire and Gretchen Fitzer, Esquire and files the within Reply Brief of Defendant Imani Christian Academy to Plaintiffs' Response to Motion to Dismiss and avers as follows:

### ARGUMENT

**In their response to Defendant's Motion to Dismiss, Plaintiffs
rely principally on two cases, neither of which carries
persuasive nor precedential value in the Third Circuit.**

　　　　Plaintiffs first refer this Court to *Fike v. United Methodist Children's Home of Virginia, Inc.*, 709 F.2d 284 (4th Cir. 1983), a decision from the Fourth Circuit in 1983, in which the plaintiff, Mr. Fike, a Methodist, alleged religious discrimination after he was replaced by a Methodist minister as the director of Defendant Home, a youth home operated under the auspices of the United Methodist Church. The District Court granted summary judgment to the Home,

concluding that it did not discriminate against Fike on the basis of religion. The Fourth Circuit affirmed the grant of summary judgment to the Home. *Id.*, 709 F.2d at 285.

Plaintiffs' reliance on *Fike* is misplaced. Review of the Fourth Circuit's decision establishes that the Circuit Court, unlike the District Court, avoided the issue of whether the Home was a secular institution: "The district court initially found that the Home was a secular institution not entitled to the sectarian exemption in 42 U.S.C. §2000e-1. It went on to find, however, that the Home, in discharging Fike, did not discriminate against him on the basis of religion in violation of Title VII. We agree with the latter conclusion, and consequently we find it unnecessary to consider whether the Home is entitled to the sectarian exemption." *Id.*, 709 F.2d at 285 (footnote omitted; emphasis added). After side stepping the issue of whether the Home was a secular institution, the Circuit Court concluded that the Home's decision to replace *Fike* was not based on a religious difference. *Id.*, 709 F.2d at 286.[1]

Plaintiffs have extensively summarized and quoted from the District Court's opinion in *Fike* (547 F.Supp 286 (E.D. Va 1982)), rather than from the Circuit Court's opinion. Both opinions demonstrate that Fike's argument was that the Home was a secular institution not entitled to the sectarian exemption in §702 (42. U.S.C. §2000e-1).

In the present case, the allegations of the Complaint establish that the dispute between the parties is one of religious differences in the context of Defendant's educational and spiritual mission. The Complaint and Plaintiffs' argument demonstrate the religious dispute between Plaintiffs and Defendant. More importantly, here, unlike in *Fike*, Plaintiffs themselves have averred that Defendant is a "non-profit, private Christian education institution." Complaint, ¶10.

---

[1] The Fourth Circuit's avoidance of the secular versus sectarian issue is somewhat perplexing, given that it had previously remanded to the District Court for a determination of that issue. See *Fike v. United Methodist Children's Home of Virginia, Inc.*, 547 F. Supp 286, 288, (E.D. Va. 1982).

Plaintiffs are  not contending that Defendant is a secular institution.  Instead, Plaintiffs are contending, as set forth in their brief, that Defendant is not religious enough to suit Petra Ministries.  See, e.g., Complaint, ¶16 ("All … Plaintiffs were and currently are members of the religious institution of Petra International Ministries"); Complaint, ¶17 (Petra is the religious institution that was previously affiliated with the educational institution of Imani"); Complaint, ¶20 ("there was a clear divide caused by Imani between employees that were members of Petra and employees who were not members Petra"); Complaint, ¶31 (Imani's principal stated that Petra members "were 'too spiritual'").

The decisions in *Fike*, to the extent they offer guidance, cannot guide the determination in this case of whether Plaintiffs' Complaint should be dismissed.  Here, the Complaint specifically outlines a religious dispute, and not a question of whether Defendant is a secular institution not entitled to the exemption in §702 .  The dispute here as alleged in the Complaint, concerns competing visions of Christian and/or spiritual educational values.

Plaintiffs next direct this Court's attention to the legislative history of the exemption in §702, and the Ninth Circuit's 1988 decision in *EEOC v. Townley Engineering & Mfg. Co.*, 859 F.2d 610 (9th Cir. 1988), which outlined some of the debates in Congress regarding passage of the Civil Rights Act of 1964.

The Third Circuit has rejected the legislative history analysis set forth in *Townley*: "We are not persuaded by the Ninth Circuit Court of Appeals' suggestion [in Townley], on the basis of legislative history, that Section 702 should be understood to cover little more than formal houses of worship." *Leboon v. Lancaster Jewish Community Center Ass'n*, 503 F.3d 217, 230 (3d Cir. 2007).  After addressing arguments identical to those presented by Plaintiffs here, and concluding that the legislative history was confusing and disjointed rather than enlightening, the

3

Third Circuit determined that the legislative history was not helpful, and specifically declined to follow the conclusion drawn by the Ninth Circuit in *Townley*. *Id.*, 503 F.3d at 230-31.

## CONCLUSION

As demonstrated in Defendant's motion to dismiss and supporting brief, Plaintiffs' Complaint must be dismissed, as Plaintiffs are asking this Court to entangle itself in a religious dispute. Defendant Imani Christian Academy, a non-profit, private Christian education institution (Complaint, ¶10), is exempt from Title VII's prohibition on religious discrimination.

07/19/2013        /s/ Trisha A. Gill
Date            Trisha A. Gill, Esquire
               Pa. ID #83751
               Gretchen J. Fitzer, Esquire
               Pa. ID #51107
               Counsel for Defendant
               Litchfield Cavo LLP
               Gulf Tower, Suite 1400
               707 Grant Street
               Pittsburgh, PA 15219

4